UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH T. WILLIAMS-BEY, ) | |
| ) | |
| plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-150 RM |
| ) | |
| MICHAEL K. BROOKS, *et al.*, ) | |
| ) | |
| defendants ) | |

OPINION AND ORDER

Joseph Williams-Bey, a prisoner confined at the Indiana State Prison, submitted a complaint against Elkhart Sheriff Michael Brooks and Custody Officer Nick Kruger. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on

> a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Williams-Bey brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Williams-Bey states that in March 2004, he was a pretrial detainee confined at the Elkhart County Jail. Mr. Williams-Bey alleges that Officer Kruger, "under the command of Michael K. Brooks," came into his cell, "bent my arm behind my back and pushed me out into the 3rd floor hallway, knowingly depriving me of my right to be treated fairly and with respect." (Complaint at p. 3). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments; the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). But "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the

2

same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475 U.S. 312 (1986). In evaluating whether prison officials violated the Eighth Amendment, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. Whitley, 475 U.S. at 321. "Not every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson v. McMillian, 503 U.S. at 9, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom.* Johnson v. Johnson, 414 U.S. 1033 (1973).

The force used by Officer Kruger appears to be a "push or shove" falling short of violating the Eighth Amendment. Bending an inmate's arm behind his back and pushing him out of a cell, without injuring him, is not sufficiently serious to deprive him of the minimal civilized measure of life's necessities.

Mr. Williams-Bey further alleges that Officer Kruger then went back into his living area "and tore up all my family's photos that was in my personal property box" (Complaint at p. 3). The Fourteenth Amendment's due process clause

3

provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir. 1987); Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988).

Mr. Williams-Bey also alleges that Officer Kruger tore up his "Islamic books, 'Holy Quran,' and other related pending materials. Thus violating my right to freedom of religious affiliation and voluntary religious worship." (Complaint at p. 3). That property destroyed by jail officials is legal or religious in nature does not morph the loss of property claim into a First Amendment free exercise claim or a denial of access to courts claim. See Hossman v. Spradlin, 812 F.2d at 1022 (even the loss of legal materials is merely a property loss if the papers are replaceable). Because Mr. Williams-Bey's religious materials were replaceable, the Indiana tort claims act provides a sufficient remedy for loss of these materials.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.
ENTERED: April 28 , 2005

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court