UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH T. WILLIAMS-BEY,     )
                               )
           Plaintiff       )
                               )     CAUSE NO.  3:05-CV-150 RM
     v.                     )
                               )
MICHAEL K. BROOKS, *et al.*     )
                               )
         Defendants    )

<u>OPINION AND ORDER</u>

Joseph T. Williams-Bey, a *pro se* prisoner, seeks leave to proceed *in forma pauperis* on appeal. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of five cases and two appeals filed by Mr. Williams-Bey qualify as "strikes" within the meaning of §1915(g):

(1) <u>Williams-Bey v. Robert</u>, 3:04-CV-469, dismissed pursuant to 28 U.S.C. § 1915A on July 26, 2005;

(2) <u>Williams-Bey v. Roberts</u>, 4:04-CV-051, dismissed pursuant to 28 U.S.C. § 1915A on September 9, 2004;

(3) <u>Williams-Bey v. Robert</u>, 04-3320, appeal dismissed on November 4, 2004 after district court found appeal not in good faith;

(4) <u>Williams-Bey v. Gould</u>, 3:05-CV-050, dismissed pursuant to 28 U.S.C. § 1915A on March 3, 2005;

(5) <u>Williams-Bey v. Brooks</u>, 3:05-CV-152, dismissed pursuant to 28 U.S.C. § 1915A on March 18, 2005; and

(6) <u>Williams-Bey v. Robert</u>, 05-1184, appeal dismissed on April 19, 2005 after district court found appeal not in good faith;

(7) <u>Williams-Bey v. Brooks</u>, 3:05-CV-150, dismissed pursuant to 28 U.S.C. § 1915A on April 28, 2005.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Williams-Bey's appeal from the dismissal of his complaint seeking monetary damages which alleged that a guard pushed him and destroyed his property at a jail where he was previously confined does not qualify as an allegation that he is currently under imminent danger of serious physical injury.

Additionally, pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Substantively, this appeal is not taken in good faith for the reasons stated in this court's screening order dated April 28, 2005 (docket # 11).

Mr. Williams-Bey may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

(1) **DENIES** the petitions for leave to proceed *in forma pauperis* (docket ## 15 and 17);

(2) **GRANTS** the plaintiff to and including June 30, 2005, within which to pay the $255.00 filing fee, and

(3) **ADVISES** him that if he does not pay the filing fee by that date, this appeal may be dismissed without further notice without affecting his obligation to pay the filing fee in installments.

SO ORDERED.

ENTERED: June __6__, 2005

　　　　　　　　　　　　　　　　　_____/s/ Robert L. Miller, Jr._____
　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court